MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting in part.
I dissent from so much of the judgment in this case as affirms the summary judgment in favor of Thomson on the discrimination claim against it, because I believe that in this respect the court has misread our precedents and, in particular, has incorrectly applied the principles that we announced in Ryther v. KARE 11, 108 F.3d 832 (8th Cir.1997) (fin banc), cert. denied, — U.S. —, 117 S.Ct. 2510, 138 L.Ed.2d 1013 (1997). In that case, we held that a plaintiff makes a submissive case in an employment discrimination case if he or she makes out a prima facie case and produces evidence that the employer’s proffered legitimate business reason for the adverse employment action complained of was pretextual, unless that evidence is inconsistent with the kind of discrimination that the plaintiff claims motivated the employment action. Here, Thomson claimed that Mr. .Kneibert was discharged for poor job performance, but there is plenty of evidence in this record from which a reasonable person could conclude that he was indeed performing his job satisfactorily. While the jury, of course, does not have to believe Mr. Kneibert’s evidence, it must be given the chance to reject or accept it.
The court notes that Rothmeier held that proof of pretext does not entitle a plaintiff to summary judgment. That is true, but it is also beside the point. In this case, Mr. Kneibert is not asserting that he is entitled to summary judgment; he is merely asserting that Thomson is not entitled to summary judgment. I agree with Mr. Kneibert and therefore respectfully dissent from the court’s judgment affirming the summary judgment in favor of Thomson on the discrimination claim against it. I concur in the judgment in all other respects.